IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LARRY A. SUGGETT,                                    07-CV-6363-BR

       Plaintiff,                              OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


**BRENDA S. MOSELY**
320 Central Ave., Suite 422
Coos Bay, OR  97420
(541) 266-0436

       Attorney for Plaintiff


**KARIN J. IMMERGUT**
United States Attorney
**BRITTANIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**DAVID M. BLUME**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2212

       Attorneys for Defendant

**BROWN, Judge.**

     Plaintiff Larry A. Suggett seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments before August 16, 2005, under Titles II and XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision.

## ADMINISTRATIVE HISTORY

     Plaintiff filed his most recent applications for DIB and SSI on March 12, 2004, alleging an onset date of May 15, 2001.  Tr. 71, 262.[1]  The applications were denied initially and on

---

[1] Citations to the official transcript of record filed by the Commissioner on July 17, 2008, are referred to as "Tr."

reconsideration.  Tr. 27-28, 31-33, 36-40, 252, 256.  An
Administrative Law Judge (ALJ) held a hearing on May 11, 2006.
Tr. 14.  At the hearing, Plaintiff was represented by an attorney.
Plaintiff and a vocational expert (VE) testified at the hearing.

The ALJ issued a decision on December 7, 2006, in which he
found Plaintiff was not disabled before August 16, 2005, and,
therefore, was not entitled to benefits before that date.  Tr. 23.
That decision became the final decision of the Commissioner on
October 13, 2007, when the Appeals Council denied Plaintiff's
request for review.  Tr. 6.


## BACKGROUND

Plaintiff was 50 years old at the time of the hearing.
Tr. 273.  He has a high-school education.  Tr. 273.  Plaintiff has
previously worked as a caregiver, card dealer, and security guard.
Tr. 76, 273-74.

Except when noted below, Plaintiff does not challenge the
ALJ's summary of the medical evidence.  After reviewing the medical
records, this Court adopts the ALJ's summary of the medical
evidence. *See* Tr.  16-21.


## STANDARDS

The initial burden of proof rests on the claimant to establish
disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir.

3 - OPINION AND ORDER

2005).  To meet this burden, a claimant must demonstrate his
inability "to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment which
. . . has lasted or can be expected to last for a continuous period
of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The
Commissioner bears the burden of developing the record.  *Reed v.
Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

     The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*,
359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial evidence means
more than a mere scintilla, but less than a preponderance, i.e.,
such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*,
466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

     The ALJ is responsible for determining credibility, resolving
conflicts in the medical evidence, and resolving ambiguities.
*Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The
court must weigh all of the evidence whether it supports or
detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at
882.  The Commissioner's decision must be upheld even if
the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, if the Commissioner determines the claimant is engaged in substantial gainful activity, the claimant is not disabled.  *Yuckert*, 482 U.S. at 140.  *See also* 20 C.F.R. §§ 404.1520(b), 416.920(b).

In Step Two, if the Commissioner determines the claimant does not have any "medically severe impairment or combination of impairments," the claimant is not disabled.  *Yuckert*, 482 U.S. at 140-41.  *See also* 20 C.F.R. §§ 404.1520(c), 416.920(c).

In Step Three, the claimant is presumed conclusively to be disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  *Yuckert*, 482 U.S. at 140-41.  *See*

*also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the adjudication proceeds beyond Step Three, the ALJ must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1545(a), 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work that he has done in the past.  *Yuckert*, 482 U.S. at 141-42.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, the Commissioner must determine whether the claimant is able to do any other work that exists in the national economy.  *Yuckert*, 482 U.S. at 141-42.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that claimant can do.  *Yuckert*, 482 U.S. at 141-42.  *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

6 - OPINION AND ORDER

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his alleged onset date.  Tr. 16.

At Step Two, the ALJ found Plaintiff has the severe impairments of "status post bilateral knee surgery, status post L4-5 discectomy, [chronic obstructive pulmonary disease] COPD in a smoker, and obesity."  Tr. 17.

At Step Three, the ALJ found Plaintiff did not have an impairment or a combination of impairments that meets or equals a Listing before August 16, 2005.  The ALJ found Plaintiff could perform sedentary activity before August 16, 2005, and could lift 20 pounds occasionally and ten pounds frequently; could stand, sit, or walk about six hours in an eight-hour workday; could perform unlimited pushing and pulling; could frequently climb ladders and stairs, balance, kneel, and crawl; and could occasionally stoop and crouch.  For the period after August 16, 2005, the ALJ adopted the May 4, 2006, opinion of Plaintiff's treating physician, J.S. Givens, M.D., as to Plaintiff's RFC and found Plaintiff can sit, stand, or walk for less than two hours; must be able to shift at will; must elevate his legs periodically; requires more than two breaks each workday; can frequently lift less than ten pounds and occasionally lift ten pounds; must avoid exposure to environmental hazards; and would miss two to three days of work per week.  Tr. 246-47.

7 - OPINION AND ORDER

At Step Four, the ALJ found Plaintiff could have performed his past relevant work as a card dealer until his 50th birthday on August 16, 2005, and therefore, he was not disabled before that date.  Tr. 20.  The ALJ, however, concluded Plaintiff was disabled as a matter of law beginning August 16, 2005, based on Rule 201.06 of the Medical Vocational Grids.  20 C.F.R. pt. 404, subpt. P, app. 2.

## DISCUSSION

Plaintiff contends the ALJ erred when he rejected Plaintiff's testimony, failed to consider lay-witness statements, and failed to consider the impact of Plaintiff's obesity in his RFC assessment for the period before August 16, 2005.

**I.    The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff contends the ALJ erred when he found Plaintiff's testimony not entirely credible.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of

the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

On March 22, 2004, Plaintiff completed a pain questionnaire in which he stated he suffers constantly from aching and severe pain in his lower back, legs, and ankles. Tr. 88. He stated walking or standing causes the pain, which is exacerbated by physical activity. Tr. 88. He also stated he rarely takes pain medication, but sitting or lying down can relieve the pain. Tr. 88-89. Plaintiff reported he can only be active for 10-15 minutes before needing to rest, cannot finish tasks, does not take walks, requires assistance to groom himself, does not clean his apartment, and requires assistance with household chores. Tr. 90. On March 22, 2004, Plaintiff also completed a statement on his activities of daily living in which he reported he can prepare meals that are not complex, does not perform household chores, shops for groceries, watches television for eight to ten hours each day, and does not

participate in any clubs or social groups.  Tr. 91-97.

Plaintiff testified at the hearing that he suffers constant
and excruciating pain in his knees at all times, which sometimes
requires him to lie down and to elevate his legs for up to three
days but usually only for about two hours.  Tr. 275, 279.
Plaintiff stated he has difficulty sleeping, which causes tiredness
and irritability.  Tr. 278.  He also stated he suffers from back
pain that sometimes "shoots down into [his] feet."  Tr. 280.
Plaintiff testified he also suffers from pain in his hips and feet.
Tr. 282.  Plaintiff testified his pain causes him difficulty in
performing household chores such as washing dishes, doing laundry,
and going to the grocery store.  Tr. 284-85.  He also stated he is
"depressed all the time."  Tr. 287.

The ALJ found Plaintiff's testimony not entirely credible
because, among other things, Plaintiff was terminated from his
previous employment for reasons unrelated to his impairments.
Tr. 22.  Leaving employment for reasons unrelated to medical
impairments undermines a claimant's credibility.  *Bruton v.
Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).  Here the record
reflects Plaintiff was terminated from his employment as a card
dealer because of an episode with a coworker.  Tr. 287.  In
addition, he attempted to find other employment as a card dealer
after his termination, but he was unable to do so.  Tr. 289.

The ALJ also found Plaintiff's testimony not entirely credible

because it was inconsistent with the medical record for the period preceding August 16, 2005.  Tr. 22.  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."  *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008).  The medical record does not include any exertional limitations before Dr. Givens's May 4, 2006, questionnaire.  In fact, on November 15, 2002, Dr. Givens stated he could not "really support disability at this time."  Tr. 178.

In addition, on July 19, 2004, J. Scott Pritchard, M.D., a reviewing physician, completed an RFC assessment of Plaintiff at the request of DDS[2] in which he found Plaintiff can lift 20 pounds occasionally and ten pounds frequently; can stand, sit, or walk about six hours in an eight-hour workday; can perform unlimited pushing and pulling; can frequently climb ladders and stairs, balance, kneel, and crawl; and can occasionally stoop and crouch. Tr. 219-24.

On this record, the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible.

**II.  The ALJ did not err when he rejected lay-witness statements.**

Plaintiff contends the ALJ erred by failing to address the

_____

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

11 - OPINION AND ORDER

lay-witness statements of Paul Suggett, Jacqueline Evans, Terry Kirkwood, Dave Olson, and Kathleen Hardstad.  Defendant concedes this failure was error, but argues it was harmless.

An "ALJ's silent disregard of lay testimony about how an impairment limits a claimant's ability to work. . . contravenes . . . case law and the controlling regulations," and a court "cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination."  *Stout v. Comm'r*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

### A.    Lay-witness statements of Paul Suggett and Jacqueline Evans.

On March 22, 2004, Plaintiff's father, Paul Suggett, completed an Adult Third-Party Function Report in which he stated Plaintiff's impairments affect his ability to lift, squat, bend, stand, reach, sit, kneel, climb stairs, and complete tasks because of his back and knees, but Suggett did not specify the degree to which Plaintiff's impairments limited these abilities other than to state Plaintiff cannot walk "far" before needing to rest.  Tr. 103. Suggett also stated Plaintiff told him that he has difficulty sleeping.  Tr. 99.  Suggett answered "unknown" to the majority of the questions on the form.  Tr. 98-106.

On May 4, 2006, Jacqueline Evans, Plaintiff's friend, wrote a letter to the ALJ in which she stated she has observed Plaintiff in

pain many times; for example, on August 31, 2003, Plaintiff
suffered pain from assisting with wedding decorations for 30
minutes.  Tr. 129.  Evans also noted Plaintiff suffers from
shortness of breath.

As noted, the ALJ restricted Plaintiff to sedentary work when
the ALJ assessed Plaintiff's RFC for the period before August 15,
2005, and, therefore, the ALJ's evaluation includes the symptoms
described by these lay witnesses.  In addition, the medical record
does not support a finding of disability before Dr. Givens's May 4,
2006, report.

On this record, the Court concludes even though it was error
for the ALJ not to consider these lay-witness statements, his error
was harmless because "no reasonable ALJ, when fully crediting the
testimony, could have reached a different disability determi-
nation."  *Stout*, 454 F.3d at 1055-56.

In summary, the Court concludes the ALJ erred when he failed
to address specifically the lay-witness statements of Paul Suggett
and Jacqueline Evans, but the error was harmless under these
circumstances.  The Court concludes the ALJ did not err, however,
when he failed to consider the lay-witness statements of Terry
Kirkwood, Dave Olson, and Kathleen Hardstad.

### B.   Lay-witness statements of Terry Kirkwood, Dave Olson, and Kathleen Hardstad.

On May 4, 2006, Terry Kirkwood, a friend of Plaintiff, wrote a
letter to the ALJ in which Kirkwood stated Plaintiff appeared to be

"very uncomfortable with loss of breath." Tr. 126. He stated Plaintiff complains of leg pain and cannot walk very far without resting. Tr. 126. Kirkwood also reported Plaintiff is forgetful and does not show an interest in participating in activities that he once enjoyed. Tr. 126.

On May 4, 2006, Dave Olson, Plaintiff's cousin, also wrote a letter to the ALJ in which Olson stated Plaintiff cannot stand, walk, or ride in the car without pain and must stay home most of the time. Tr. 127. In addition, Olson believed Plaintiff's symptoms are worsening. Tr. 127.

On May 4, 2006, Kathleen Hardstad, Plaintiff's roommate, also wrote a letter to the ALJ in which she rated his pain 7-10 on a scale of 1-10. Tr. 128. She noted Plaintiff tires easily even from taking a shower. Tr. 128. She reported Plaintiff attempts to perform household chores, but he cannot complete them. Tr. 128.

Each of these lay-witness statements, which are dated May 4, 2006, refer, however, to Plaintiff's current symptoms rather than to the period before August 16, 2005.

On this record, the Court concludes the ALJ did not err when he did not consider the May 4, 2006, lay-witness statements to determine whether Plaintiff was disabled before August 16, 2005. Tr. 126-28. Even if the ALJ erred, therefore, it would be harmless error because the statements do not relate to the relevant period and "no reasonable ALJ, when fully crediting the testimony, could

have reached a different disability determination." *Stout*, 454
F.3d at 1055-56.

**III. The ALJ properly accounted for Plaintiff's obesity.**

Plaintiff contends the ALJ did not properly evaluate the
impact of Plaintiff's obesity on his other impairments when the ALJ
assessed Plaintiff's RFC.

"An ALJ is not required to discuss the combined effects of a
claimant's impairments . . . unless the claimant presents evidence
in an effort to establish equivalence." *Burch v. Barnhart*, 400
F.3d 676, 683 (9th Cir. 2005).  Thus, when the only "evidence in
the record relating to [a claimant's] obesity are notes from
doctors who observed weight gain, indicated that [the claimant] is
obese, and recommended [he] participate in a weight-loss program"
and the treatment notes do not address any limitations in the
claimant's functioning caused by his obesity, the ALJ is not
required to address specifically the claimant's obesity.  *Id*.

Here the record reflects Plaintiff's treating physicians
consistently noted Plaintiff's morbid obesity.  Tr. 166, 169, 170,
203-04, 134, 138-39.  In addition, Dr. Givens recommended diet,
exercise, and weight loss to Plaintiff on November 15, 2002, and
March 4, 2005.  Tr. 178, 239.  Steven Giss, M.D., another treating
physician, also recommended on March 1, 2002, that Plaintiff start
a diabetic diet and on April 12, 2002, that Plaintiff begin a diet
and exercise program.  Tr. 184, 187.  The record, however, does not

reflect any evidence that Plaintiff is limited in his functioning due to his obesity.

On this record, the Court concludes the ALJ did not err when he did not specifically address the impact of Plaintiff's obesity on his other impairments.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 27th day of February, 2009.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER